UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wesley Anthony Holtzclaw, | ) | **C/A No. 6:12-0100-HMH-JDA** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Frank L. Epps; | ) | |
| DeBora A. Faulkner; | ) | |
| Karl B. Allen, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

## *Background of this Case*

Plaintiff is an inmate of the Florida Department of Corrections.  The Florida Department of Corrections website (http://www.dc.state.fl.us/activeinmates/detail.asp, last visited on Jan. 12, 2012) indicates that Plaintiff is serving sentences for various drug convictions and a conviction for obstruction of the investigation of a crime.  His convictions were entered in Palm Beach County on March 3, 1992.  Plaintiff's scheduled release date is September 8, 2039.

In the above-captioned case, Plaintiff has brought suit against two attorneys in Greenville County, Frank Epps (whose surname is actually Eppes) and Karl Allen, and the Probate Judge for Greenville County, "DeBora" A. Faulkner (whose first name is actually Debora).  At issue in this case are the distribution of Plaintiff's share of the proceeds from a successful wrongful death action relating to the accident that killed Plaintiff's father and the administration of the estate of Plaintiff's father.   Plaintiff alleges that Defendant Eppes

has failed to remit funds to him (Plaintiff) and a third party (Ms. Raglang), despite Plaintiff's written instructions to do so.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even so, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Even when considered under this less stringent standard, however, the § 1983 Complaint is subject to summary

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Probate Court for Greenville County is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Spartanburg Cnty. Dept. of Social Servs. v. Padgett*, 370 S.E.2d 872, 875-76 & n. 1 (1988); and *Cort Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975).

Probate Judges, such as Judge Faulkner, are judges in the State of South Carolina's unified judicial system. *See In re Allen*, 385 S.C. 506, 685 S.E.2d 612 (2009); *In re Anonymous Former Probate Judge*, 358 S.C. 1, 594 S.E.2d 473 (2004); *In the Matter of Brown*, 334 S.C. 44, 512 S.E.2d 114 (1999); *In the Matter of Johnson*, 302 S.C. 532, 397 S.E.2d 522 (1990); and *In the Matter of Parker*, 313 S.C. 47, 437 S.E.2d 37 (1993).

Since Judge Faulkner was acting as a Probate Judge at all relevant times in this case, she is immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a

threshold question which should be resolved before discovery is even allowed); and

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit

rather than a mere defense to liability").

The above-captioned case is not maintainable as a civil rights action against the two

attorneys.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must

allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under

color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut.*

*Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56

(4th Cir. 1980).

The district court in *Hall v. Quillen* had disposed of the case against a physician and

a court-appointed attorney on grounds of immunity.  In affirming the district court's order,

the Court of Appeals, however, indicated that lower courts should first determine whether

state action occurred:

> But immunity as a defense only becomes a relevant issue in a
> case such as this if the court has already determined
> affirmatively that the action of the defendant represented state
> action.  This is so because state action is an essential
> preliminary condition to § 1983 jurisdiction, and a failure to find
> state action disposes of such an action adversely to the
> plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted).  *See also Lugar v. Edmondson Oil Co.*,

457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also

avoids imposing on the State, its agencies or officials, responsibility for conduct for which

they cannot fairly be blamed.").

4

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *cf. Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[2]

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991), which is cited in *Anderson v. Posey*, Civil Action No. 2:10-3180-TLW-RSC, 2010 WL 6562897 (D.S.C. Dec. 23, 2010), *adopted*, 2011 WL 1595265 (D.S.C. April 27, 2011). *See also Fleming v. Asbill*, 42 F.3d

---

[2]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by

making use of the state's court system").

The United States Court of Appeals for the Fourth Circuit in *Fleming v. Asbill* also

ruled that guardians ad litem, such as Defendant Eppes, have quasi judicial immunity from

suits brought under 42 U.S.C. § 1983 with respect to their activities connected with the

judicial process:

> We begin with the claims against guardian ad litem
> Asbill.   The district court held that Asbill was entitled to
> quasi-judicial immunity on all claims.  A line of Supreme Court
> cases holds that judges, prosecutors, witnesses, and other
> actors in the judicial process are immune from § 1983 or
> *Bivens* liability for misfeasance of their duties.  *See Briscoe v.
> LaHue*, 460 U.S. 325, 345-46, 103 S.Ct. 1108, 1121, 75
> L.Ed.2d 96 (1983) (witnesses); *Butz v. Economou*, 438 U.S.
> 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (administrative law
> judges); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55
> L.Ed.2d 331 (1978) (state judge); *Imbler v. Pachtman*, 424 U.S.
> 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecuting
> attorney).
>
> There are sound policy reasons to afford immunity to
> guardians ad litem in custody cases:
>
> > A guardian ad litem must . . . be able to function
> > without the worry of possible later harassment
> > and intimidation from dissatisfied parents.
> > Consequently, a grant of absolute immunity
> > would be appropriate.  A failure to grant immunity
> > would hamper the duties of a guardian ad litem
> > in his role as advocate for the child in judicial
> > proceedings.
>
> *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984).  *Cf.*
> *Gardner v. Parson*, 874 F.2d 131, 145 (3rd Cir.1989)
> (*Kurzawa*'s absolute immunity is too sweeping an interpretation
> of *Briscoe*; immunity should be available only while the
> guardian is playing a judicial role).

6

> We need not decide whether *Kurzawa* or *Gardner* states the better test, because Asbill is immune from Todd's § 1983 claim under either.  All of the actions complained of occurred within the judicial process; in short, Asbill lied about X to procure order Y.  Even if Asbill lied to the judge in open court, she was still acting as the guardian, and is immune from § 1983 liability.

*Fleming v. Asbill*, 42 F.3d at 889 (footnote omitted).

In the Complaint, Plaintiff has not alleged any other basis of jurisdiction by this Court. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at

7

399 (citing 2 *Moore's Federal Practice* § 8.03[3](3d ed. 1997)).  Although the absence of

subject matter jurisdiction may be raised at any time during the case, determining

jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*,

190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most

favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack

subject matter jurisdiction.  *Id.*  Since Plaintiff has not alleged subject-matter jurisdiction in

this court with respect to any claims arising under state law, *see*, *e.g.*, *Fleming v. Asbill*, 42

F.3d at 889-90, those claims should be dismissed.  *United Mine Workers v. Gibbs*, 383

U.S. 715, 726 (1966) (district court should decline to exercise supplemental jurisdiction over

state-law claims when federal claims are subject to dismissal).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned

case *without prejudice* and without service of process.  Plaintiff's attention is directed to the

Notice on the next page.

s/Jacquelyn D. Austin

January 13, 2012                             Jacquelyn D. Austin
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).